28 539
46 272

THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY v. J. W. GRIFFIS.

RAILROAD STOCK LAW; *Company, When not Liable.* A railroad company is not liable under ch. 94, Laws of 1874, for stock killed at the crossing of a road used and traveled by the public as a highway though the crossing and route thus traveled is in fact not a regularly laid out and established highway.

### Error from Chase District Court.

GRIFFIS sued the *Railroad Company* before a justice of the peace, for the value of a certain steer calf killed by the cars of the defendant company. Judgment was taken on default, and the case appealed to the district court, where it was tried by the court without a jury, at the December Term, 1881. The court, among other findings of fact, found that —

"3. When the calf was struck by the cars of the defendant, it [the calf] was standing upon the crossing of the defendant railroad company's track. This crossing was known as the 'Simmons crossing,' and had been used for a number of years previously thereto by the public as a public crossing, and was at the time and ever since has been so used. That a public highway had been regularly laid out and established across the road of defendant six feet west of the crossing where the calf was killed, but there was no crossing of the defendant's road on this public highway as laid out; and it was impossible to cross the road of defendant on the highway so established, and the crossing on which the calf was when struck was the crossing used by the public in traveling upon said highway across the road of defendant, and was the only place where people traveling upon said highway, desirous of crossing the road of defendant, could cross the same.

"4. That defendant's road was not fenced where said calf was killed.

"5. That a reasonable attorney's fee for trying said case before the justice is the sum of ten dollars, and a reasonable attorney's fee for trying said cause in this court is the sum of twenty dollars; that the calf was worth sixteen dollars, and·

that lawful demand was made of agents of defendant by plaintiff for the value of said calf thirty days before bringing this suit; and the calf was killed in Chase county."

New trial denied, and judgment accordingly for plaintiff. The *Railroad Company* brings the case here.

*George R. Peck,* and *W. C. Campbell,* for plaintiff in error. *Young & Kelley,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The only question raised in this case is based upon the findings of fact that the animal killed was struck by the cars of the railroad company upon a crossing used by the public for many years. There was no public way, however, laid out or of record across the track at this place. Counsel for the railroad company contend that the crossing was a highway *de facto,* and therefore that the company was excused from inclosing it with a fence. This identical question has been passed upon and decided in favor of the claim of plaintiff in error in *Soward v. Rld. Co.,* 33 Iowa 386. We content ourselves with a reference to that case and the argument there stated. Although it was the duty of the railroad company to construct and keep in repair at the crossing of the public highway near by a good and substantial crossing as required by the statute, and although the company might in a proper action have been compelled to perform its duty, yet that in no manner prevented the crossing where the animal was struck from being a highway *de facto* so long as it was openly and notoriously used as a highway by the public.

The judgment of the district court must be reversed, and the cause remanded with direction upon the findings of fact to enter judgment for the plaintiff in error (defendant below).

All the Justices concurring.